UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME A. PORTER-BEY, | : | CIVIL ACTION NO. 3:CV-10-2368 |
| | : | |
| Petitioner | : | (Judge Nealon) |
| | : | |
| v. | : | |
| | : | |
| B.A. BLEDSOE, Warden, | : | |
| | : | |
| Respondent | : | |

**FILED
SCRANTON**

**JAN 18 2011**

PER _____

DEPUTY CLERK

## MEMORANDUM AND ORDER

Jerome A. Porter-Bey, an inmate presently confined in the United States Penitentiary, Lewisburg, ("USP-Lewisburg") Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He claims that the Respondent "refuses petitioner 12 months of halfway placement in his individualize[d] case, contrary to 'equitable' principles." (Doc. 1, petition). Named as the sole Respondent is USP-Lewisburg Warden B.A. Bledsoe. The petition is ripe for disposition, and for the reasons set forth below, will be denied.

## Background

On June 6, 1994, Porter-Bey was sentenced to a twenty (20) year term of incarceration for unlawful distribution of fifty (50) grams or more of cocaine base. (Doc. 15, Ex. A, Declaration of Case Manager Chris Hendrickson ("Hendrickson Decl."), at ¶ 3). Porter-Bey has been incarcerated at USP Lewisburg's Special Management Unit ("SMU") since September 14, 2009. Id. Porter-Bey is currently scheduled for release on March 27, 2012, via good time release. Id.

1

On April 9, 2008, subsequent to Porter-Bey's sentencing, the Second Chance Act of

2007, Pub.L. No. 110-199, Title II, § 251, 122 Stat. 657, 692 (the "Second Chance Act"), codified

at 18 U.S.C. §§ 3621, 3624, was signed into law.  The Act increases the possible length of

pre-release placement in an RRC from six (6) to twelve (12) months and requires the Bureau of

Prisons ("BOP") to make an individual determination that ensures that the placement be "of

sufficient duration to provide the greatest likelihood of successful reintegration into the

community." 18 U.S.C. § 3624(c)(6)(C).  In accordance with the statute, regulations were issued

within ninety days of the date of the enactment of the Second Chance Act, to ensure that

placement in a community correctional facility by the Bureau of Prisons is conducted in a manner

consistent with section 3621(b), determined on an individual basis, and of sufficient duration to

provide the greatest likelihood of successful reintegration into the community.  18 U.S.C. §

3624(c).  Section 3621(b) states as follows:

> (b) Place of imprisonment. The Bureau of Prisons shall designate the place of the
> prisoner's imprisonment. The Bureau may designate any available penal or
> correctional facility that meets minimum standards of health and habitability
> established by the Bureau, whether maintained by the Federal Government or
> otherwise and whether within or without the judicial district in which the person was
> convicted, that the Bureau determines to be appropriate and suitable, considering-
>
> > (1) the resources of the facility contemplated;
> >
> > (2) the nature and circumstances of the offense;
> >
> > (3) the history and characteristics of the prisoner;
> >
> > (4) any statement by the court that imposed the sentence-
> > (A) concerning the purposes for which the sentence to
> > imprisonment was determined to be warranted; or (B)
> > recommending a type of penal or correctional facility as
> > appropriate; and

(5) any pertinent policy statement issued by the
Sentencing Commission pursuant to Section 994(a)(2)
title 28 ...

... Any order, recommendation, or request by a sentencing court that a convicted
person serve a term of imprisonment in a community corrections facility shall have no
binding effect on the authority of the Bureau under this section to determine or
change the place of imprisonment.

Following the passage of the Second Chance Act, the BOP issued two guidance

memoranda dated April 14, 2008, (Doc. 15 at 7-16), and November 14, 2008, both of which

require approval from the Regional Director for RRC placements of longer than six (6) months.

Interim regulations passed on October 21, 2008, state that "[i]nmates may be designated to

community confinement as a condition of pre-release custody and programming during the final

months of the inmate's term of imprisonment, not to exceed twelve months." 28 C.F.R. §

570.21(a); see (Doc. 15 at 54-57, Copy of 10/21/08 Interim Regs.).  Moreover "[i]nmates will be

considered for pre-release community confinement in a manner consistent with 18 U.S.C. §

3621(b), determined on an individual basis, and of sufficient duration to provide the greatest

likelihood of successful reintegration into the community, within the time-frames set forth in this

part." 28 C.F.R. § 570.22.  The regulations do not include a requirement that the Regional Director

approve pre-release RRC placement beyond six-months.

Recommendations for RRC placements ordinarily are reviewed with the inmate and

the Unit Team seventeen (17) to nineteen (19) months before the inmate's probable release date.

(Doc. 15, Ex. A, -2, Hendrickson Decl. at ¶ 5).  Referrals are then forwarded to the Community

Corrections Manager ("CCM") at least sixty (60) days prior to the maximum recommended range

3

or date. ( Id. at ¶ 6) (citing BOP Program Statement ("P.S.") 7310.04, Community Corrections Center Utilization and Transfer Procedures).

Porter-Bey has not yet been referred for RRC placement. (Doc. 15, Ex. A, Hendrickson Decl. at ¶ 10). However, on October 22, 2010, Porter-Bey's Unit Team reviewed his file for possible consideration of RRC placement, and considered the five criteria set forth in section 3621(b), as well as his need for services, public safety, and the necessity of the Bureau to manage its inmate population. (Doc. 15 at 46-47). Based upon this review, the Unit Team recommended RRC placement of ninety (90) days. Id. It was noted in the comments that:

> Porter is currently participating in the SMU Program at an acceptable level during the last four months. During his first year of the program, he was not participating at an unacceptable level. Inmate Porter has an extensive disciplinary history to include numerous incident reports for Assaulting and Threatening staff.

Id.

On November 16, 2010, Petitioner filed the instant action, challenging the Unit Team's recommendation. (Doc. 1, petition). On December 20, 2010, Respondent filed a response to the petition for writ of habeas corpus, arguing that  the petition should be dismissed because Petitioner's claim is premature and because the Petitioner has not alleged a violation of federal law, as is required for habeas relief to be available to the Petitioner. (Doc. 15, response). Although Petitioner was provided an opportunity to file a traverse, none has been filed.

**Discussion**

"Article III of the Constitution limits the "judicial Power" of the United States to the adjudication of "Cases" or "Controversies." Pittsburgh Mack Sales & Service, Inc. v. International Union of Operating Engineers, Local Union No. 66, 580 F.3d 185, 190 (3d Cir. 2009) (quoting U.S. Const. Art. III, § 2). "Courts enforce the case-or-controversy requirement

through several justiciability doctrines that 'cluster about Article III.'" Id. (quoting Allen v.

Wright, 468 U.S. 737, 750 (1984)).  One of those doctrines is the ripeness doctrine.  Id.

"Ripeness prevents courts from 'entangling themselves in abstract disagreements.'"

Surrick v. Killion, 449 F.3d 520, 527 (3d Cir. 2006) (quoting Abbott Labs. v. Gardner, 387 U.S.

136, 148 (1967)).  "In determining whether a dispute has matured to a point to require judicial

adjudication, courts must consider 'the fitness of the issues for judicial decision and the hardship

to the parties of withholding court consideration.'" Wyatt, Virgin Islands, Inc. v. Gov't of the

Virgin Islands, 385 F.3d 801, 806 (3d Cir. 2004) (quoting Abbott Labs, 387 U.S. at 149).  "A

claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as

anticipated, or indeed may not occur at all.'" Texas v. U.S., 523 U.S. 296, 300 (1998) (quoting

Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568, 580-81 (1985)).  "Ripeness is

a matter of degree whose threshold is notoriously hard to pinpoint." NE Hub Partners, L.P. v.

CNG Transmission Corp., 239 F.3d 333, 341 (3d Cir. 2001).

The Respondent contends that Petitioner's claim is premature because, although his

Unit Team has reviewed his RRC placement eligibility, no referral has been made to the

appropriate CCM, as it is procedurally too soon for such a referral to be made, nor has any final

decision been made with regard to the length of time the Petitioner will spend in an RRC

placement.  The Respondent contends that because no final decision had been made, the Petitioner

has not suffered any injury and, accordingly, his claim is not ripe.

The record in this case indicates that neither a final decision nor a final

recommendation regarding the amount of time that the Petitioner will be placed in a RRC has been

made.  Although it has been indicated that the Petitioner will likely be recommended for ninety

(90) days in a RRC, it has also been indicated that a final decision has not yet been made.  It may be that the final recommendation or decision will be for placement in a RRC for more than ninety (90) days.  However, absent a final determination by the BOP, the Court agrees with the Respondent that the Petitioner's claim is not ripe.  See Toledo v. Scism, 2010 WL 4056025 (M.D. Pa. Oct. 14, 2010) (finding inmate's claim to immediate placement in RRC premature); Griffin v. Holt, 2008 WL 5348138 (M.D. Pa., Dec. 17, 2008) (finding inmate lacked standing to challenge BOP RRC policy).  Accordingly, the petition for a writ of habeas corpus seeking an RRC placement longer than three (3) months will be denied.

An appropriate Order accompanies this Memorandum Opinion.

Dated: January / 8 , 2011

_____
**United States District Judge**

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JEROME A. PORTER-BEY,          :    CIVIL ACTION NO. 3:CV-10-2368
                             :
           Petitioner     :    (Judge Nealon)
                             :
        v.               :
                             :
B.A. BLEDSOE, Warden,       :
                             :
          Respondent   :

## ORDER

**AND NOW, THIS** 18 **DAY OF JANUARY, 2011,** for the reasons set forth in the

accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1.    The petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

2.    Petitioner's motions for appointment of counsel (Docs. 4, 13) are **DISMISSED** as moot.

3.    The Clerk of Court is directed to **CLOSE** the case.

**United States District Judge**